### T. B. MEEKS CO. v. HUDGINS. (No. 7406.)

Court of Civil Appeals of Texas. Austin.
Dec. 11, 1929.

Nat M. Crawford, of Grand Saline, for appellant.

BAUGH, J. On January 6, 1926, the appellant obtained a judgment against the appellee in the county court of Van Zandt county for $680.08. On the same day it obtained a judgment in a garnishment suit against the First State Bank of Loraine, Tex., for $153.46, being the amount Hudgins had on deposit in said bank. This amount was on that date paid to appellant company. Subsequent thereto the judgment in the main case was set aside, a hearing was had upon the merits, and judgment again rendered in favor of appellant against Hudgins. This judgment was appealed from, and the Court of Civil Appeals reversed and rendered said judgment in favor of appellee [1 S.W.(2d) 681]; the appellate court holding that the judgment in the main case was absolutely null and void. On June 9, 1926, after money had been paid over by the bank to the Meeks Company, the county court set aside its former judgment in the garnishment proceeding and directed the Meeks Company to return the money to the bank, to be held by it pending the outcome of the main suit. This was never done.

This suit was filed in the justice court to recover from the Meeks Company the money improperly paid to it under the garnishment judgment. No defenses were made in the justice court, a judgment by default being there entered, and on appeal to the county court appellant's only defense was and is that the appellee's cause of action was barred by the two-year statute of limitation (article 5526, Rev. St. 1925), in that the appellant had been in possession of and claiming adversely the money paid it since January 6, 1926. This suit was filed in the justice court on March 27, 1928. Appellee has filed no brief.

Conclusions of law filed show that the trial court based his judgment, first, upon the failure of appellant to plead limitation in the justice court; and, second, that limitation did not run from January 6, 1926, but from December 8, 1927, the date of final judgment in the main case.

The first ground cannot be sustained. Under article 958, Revised Statutes 1925, defendant was entitled to plead limitation in the county court on appeal, even though he did not assert it in the justice court. Evans v. Ellis (Tex. Civ. App.) 257 S. W. 294.

On his second ground, however, we think the trial court was correct. The suit was not one for conversion of specific property. The appellee's right of recovery for wrongful payment under the garnishment proceeding did not accrue until final judgment was rendered in the main case. Whatever cause of action, if any at all, he may have had, was dependent upon and concluded by the outcome of the main case. Consequently limitation could not begin to run against him until final judgment in that case. 37 C. J. 812; Denson v. Ham (Tex. App.) 16 S. W. 182.

The judgment of the trial court is therefore affirmed.

Affirmed.