**Virgil GRACE, Appellant,**

v.

**Bobbie PARKER, Appellee.**

No. 10782.

Court of Civil Appeals of Texas.

Austin.

June 29, 1960.

Rehearing Denied July 27, 1960.

Woodgate & Richards, John H. McElhaney, Dallas, for appellant.

Hartson, Waters, Cashman & Bonnett, Dallas, for appellee.

HUGHES, Justice.

Bobbie Parker, appellee, sued Virgil Grace for damages for breach of an oral contract to build a house according to certain plans and specifications. Trial to a jury resulted in verdict and judgment for appellee.

Appellant pleaded the two years statute of limitations (art. 5526, Vernon's Ann.Civ.

St.), and his sole point of error is that the Trial Court erred in disregarding this plea because appellee had waived any right which he may have had to avoid such plea by failing to request a jury finding upon any ground for extending the plea of limitation.

We quote from appellee's pleading:

"That on or about the 15th day of October, 1955, plaintiff and defendant entered into a contract and agreement wherein defendant agreed, for a sum of money paid by plaintiff, to construct a dwelling on a lot of ground owned by plaintiff, said lot being located and commonly known as 1814 Cottonwood, Carrollton, Texas. That as a material part of said agreement defendant agreed and represented that said dwelling would be constructed on a pier and beam foundation with flared-bottom piers to the depth of soil change with steel ties between pier and beam at all points where pier and beam met, and that upon completion of said dwelling, defendant represented that same was so constructed. That the true condition of said foundation was not visible to this plaintiff, and plaintiff relied upon said representations, fully performed the obligations imposed upon him by said contract and agreement, and began using said dwelling as a home for himself and his family. That said foundation was not constructed as defendant represented, said piers in truth and fact being constructed without flared-bottoms, extending to a depth of less than that of soil change and without ties at all points where pier and beam met. * * * that because said defective construction of said foundation was a latent or hidden defect this plaintiff did not discover, nor should he have discovered, such defect, which not only constituted a breach of said contract but revealed defendant's representations to be fraudulently made, until a date with-

in the two year period immediately preceding the filing of this lawsuit."

The jury made these findings: (1) that appellant agreed to build the house according to the blue print plans and to sink the piers under the house to a change of soil (2) that appellant failed to build the house as agreed (3) that appellee discovered or should have discovered such failure, by the use of reasonable diligence in November, 1957.

Appellee's original petition was filed June 13, 1958.

The house was built in 1955.

Appellant stated that "No issue was requested (by appellee) which in any way submitted the question of appellant's fraud or standard of conduct."

Appellant suggested that appellee "could possibly have requested issues upon two grounds for tolling the statutes of limitations: (1) The contract sued upon was fraudulently induced. (2) Appellant fraudulently concealed the cause of action for breach of contract.

Appellant cites Owen v. King, 130 Tex. 614, 111 S.W.2d 695, 697, 114 A.L.R. 859, to support his contention that affirmative findings on these issues were necessary to establish fraud.

That case was a suit upon a promissory note in which a person, not a party to the note, was sued as an undisclosed principal. Noting that the petition alleged no fraudulent act of concealment of the cause of action after it came into existence, the court stated:

"The fraudulent concealment of a cause of action by the defendant, even though that cause of action may have not arisen in fraud, will avoid the bar of the statute of limitation, where the plaintiff, after exercising ordinary diligence, fails to discover the existence of a cause of action. But the concealment must be fraudulent. Mere

failure to disclose a cause of action or mere concealment of a cause of action, when the defendant owes no duty to disclose, is not fraudulent concealment."

[3] In this case fraudulent concealment of the cause of action was established as a matter of law.

■ "Fraud, of itself, is not a fact; it is but a conclusion to be drawn from facts * * *." Richmond v. Hogg Creek Oil Co., 229 S.W. 563, 572, Fort Worth Court of Civil Appeals, writ of error dismissed Tex.Com.App., 239 S.W. 904.

We will not dwell on the evidence relating to the concealment of the cause of action for the reason that such concealment is apparent and appellant does not complain of the sufficiency of the evidence to sustain the jury finding that discovery of appellant's breach was not made for three years.

The piers in question were beneath the house and beneath the beams on which the house rested and were underground. They were concealed.

■■ Since appellant knew and was required to know the manner in which he constructed this house, it was his duty to communicate any material and unobservable departure from the plans to appellee. We find the law on this subject to be appropriately stated in Bullock v. Crutcher, 180 S.W. 940, 941, Texarkana Court of Civil Appeals, as follows:

"The rule has been stated to be that each party to a contract—

"'is bound in every case to communicate to the other his knowledge of material facts, provided he knows the other to be ignorant of them and they be not open and naked or equally within the reach of his observation.' 14 A. & E. Ency.Law, p. 73.

"And by another writer as follows:

"'If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied or the reverse of it expressly stated.' 20 Cyc. pp. 16, 17."

It is not denied that the failure of appellant to construct the foundation for this house as agreed was a material breach of the contract and that it resulted in substantial damage to appellee, and for this reason we will not detail the evidence on these matters.

We do not know, and appellant does not inform us, of any fact issues which the court should have submitted, which were not submitted, on the pleading that appellee's cause of action was fraudulently concealed.

We cite Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775, as being factually and legally analogous to this cause. There the fraud consisted of a contractor substituting an inferior roof in building a house. Recovery was allowed on the basis of fraud.

■ The only reason this case is not directly in point here is that the jury there found that the acts of the defendant were committed for the "purposes of defrauding plaintiffs." It is not essential, in this character of case based on fraud, to plead or prove intent to deceive. 20-A Tex.Jur. p. 87.

■ It is our opinion that the acts of appellant, as found by the jury, established legal fraud and that submission of other issues to the jury as to fraud was not required.

The judgment of the Trial Court is affirmed.

Affirmed.