**Richard B. SHIPP et ux., Appellant,**

v.

**M. M. O'DOWD, Appellee.**

**No. 4913.**

Court of Civil Appeals of Texas, Waco.

May 28, 1970.

Rehearing Denied June 11, 1970.

C. Gordon Metcalf, Temple, for appellant.

O. W. Sternberg, Waco, for appellee.

### OPINION

WILSON, Justice.

Limitation is the question in this action concerning a building contract. The pre-cise issue is when plaintiffs' cause of action arose. The trial court granted defendant's motion for judgment non obstante veredicto, holding the action was barred. We affirm.

Plaintiffs filed their suit November 1, 1968. It was alleged they entered into a written contract in February, 1964 whereby defendant was to construct for them a residence building in accordance with written plans and specifications; that defendant "failed to construct said house in accordance with the specifications and building plans in that the house was constructed with approximately 12 piers less in the foundation than the plans and specifications required"; that therefore, the house was not built in a workmanlike manner, "all of which constitute a breach of contract". Damages were sought for cost of repair and for the difference in the value of the building as erected and its value if it had been built according to the plans and specifications. Defendant pleaded limitation. No vendor-purchaser relationship is alleged.

The jury found the house was not constructed according to plans and specifications, and fixed the damages. It failed to find that plaintiffs "knew or should have known of the omission of the pier holes prior to November 1, 1964". A take-nothing judgment was rendered notwithstanding the verdict, the court having concluded the suit was barred.

Plaintiffs urge that limitation "does not commence to run on a breach of contract for a hidden defect until plaintiffs knew or should have known of the defect, without regard to an affirmative pleading or proof of fraud". They took the same position in the trial court. They tried the case on this theory in the trial court.

The written contract specified, "footing: pier & beams (concrete)". The foundation plan called for a two-foot concrete beam and 74 ten-inch piers. After preparations were made for the foundation excavation, plaintiff demanded a change in the loca-

tion of the house on the building site. Defendant agreed to the change, but the foundation subcontractor pointed out that a difference in grade would require a change in the foundation from that specified, and that a five-foot beam would be required on one side. Plaintiffs agreed to this, at additional cost, on February 10, 1964.

There is evidence to show that the subcontractor poured twelve fewer piers than the original plans designated. The house was completed in May, 1964. In November or December, 1966, there is evidence to indicate, plaintiffs for the first time discovered settling and damage, and ascertained the alleged shortage in the number of piers.

Plaintiffs' pleading, most liberally construed, alleges a cause of action for breach of contract. That cause of action accrues, of course, and limitation begins to run, at the time of the breach. Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908; 37 Tex.Jur.2d, Limitation, Sec. 79, p. 220.

Plaintiffs now seek to avoid the effect of this general rule by the claim that the existence of a cause of action was fraudulently concealed from them until they discovered the alleged shortage in number of foundation piers in November or December, 1966; that the cause of action then first arose; and the suit was timely filed thereafter.

Where plaintiffs' pleading shows on its face that the suit was not filed within the statutory period, plaintiff is required "to allege such wrongful conduct", as against the plea of limitation, as will entitle him to recover; and mere failure to disclose a cause of action, or mere concealment, is not fraudulent concealment. Owen v. King, 130 Tex. 614, 111 S.W.2d 695, 696. It is incumbent upon plaintiffs to "either allege a fraudulent concealment" or facts which in law would take the cause of action out of the bar of the statute. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, 723.

There is nothing in plaintiffs' pleading which, under the most liberal construction, will meet this requirement.[1] Plaintiffs' contention that a pleading of fraudulent concealment is unnecessary in any event is untenable. Plaintiffs' only pleaded cause of action for breach of contract, therefore, was properly held to be barred by limitation.

Affirmed.

---

1. Appellants urge application of Grace v. Parker, Tex.Civ.App. (Austin, 1960, writ ref. n. r. e.), 337 S.W.2d 518. The petition in that case specifically alleged fraudulent concealment, and it was held that the evidence established "fraudulent concealment of the cause of action was established as a matter of law". Summers v. Bransford-Hinds Building Co., Tex. Civ.App. (Eastland 1964, writ ref. n. r. e.) 383 S.W.2d 947, involved an expressly pleaded breach of implied warranty against a builder-vendor. See Humber v. Morton (Tex.Sup.1968) 426 S.W.2d 554.