Roy M. STRICKLAND

v.

JOHNS–MANVILLE INTERNATIONAL CORPORATION et al.

H. J. BURKE

v.

STANDARD ASBESTOS MANUFACTURING AND INSULATING COMPANY et al.

H. J. PLITT

v.

STANDARD ASBESTOS MANUFACTURING AND INSULATING COMPANY et al.

Clarence N. SIMPSON, Sr.

v.

OWENS–CORNING FIBERGLASS CORPORATION et al.

Claude A. DUNN

v.

JOHNS–MANVILLE INTERNATIONAL CORPORATION et al.

Civ. A. Nos. 75–H–492, 75–H–870, 75–H–906, 76–H–1499 and 73–H–1072.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 15, 1978.

Robert L. Sharp, Jr., Houston, Tex., for plaintiffs.

James H. Barker, Talbert, Giessel & Stone, Inc., Houston, Tex., for Standard Asbestos Man. & Insulating.

Gerald P. Coley, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for Unarco Industries, Inc. & Raybestos.

F. Walter Conrad, Jr., Baker & Botts, Houston, Tex., for Ruberoid Co.

Pike Powers, Jr., Beaumont, Tex., for Johns-Manville Inter. Cor. & Johns-Manville Products Cor.

W. N. Arnold, Jr., Fulbright & Jaworski, Houston, Tex., for The Celotex Cor., Armstrong Cork Co., Owens-Illinois, Inc., Owens-Corning Fiberglass Corp.

Richard H. Caldwell, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for Pittsburgh Corning Cor.

James W. Mehaffy, Jr., co-counsel with Jim Barker, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for Standard Asbestos Manufacturing & Insulating.

William E. Matthews, Sewell, Junell & Riggs, Houston, Tex., for Combustion Engineering, Inc.

Frank M. Bean, Bean & Manning, Houston, Tex., for Eagle-Picher Industries, Inc.

Geo. A. Weller, Weller, Wheelus & Green, Beaumont, Tex., for Fibreboard Corporation and Pabco Industrial Products Corp.

Michael F. Smith, Houston, Tex., for intervenor.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

The above-styled-and-numbered cases have been consolidated with nineteen others for the purpose of discovery. These four cases are now before the court for consideration on motions for summary judgment. Each motion is based on the allegation that the plaintiff's cause of action is barred by Tex.Rev.Civ.Stat.Ann. art. 5526 (1958), the Texas Statute of Limitations.

There is one question central to the disposition of each of these motions, i. e. when does the statute of limitations begin to run?

The statute could begin to run sometime during the worker's period of employment which subjected him to the asbestos dust, or it could begin to run on the day that the worker discovered he had developed asbestosis.

■ There are several practical (as well as legal) problems with a determination that the statute of limitations begins to run sometime during the worker's term of employment. First, and most significantly, the wording of article 5526 states that all actions are to be commenced within two years after "the cause of action shall have accrued." If a worker files suit on the day he commences or terminates employment which involves breathing asbestos dust, he may as yet have no signs of developing asbestosis. Such a suit would be readily dismissed since there has been no injury, and thus "no cause of action shall have accrued." It would be unreasonable to dismiss the plaintiff's suit because there was no injury and then not allow him to bring the suit years later when asbestosis develops on the ground that the claim is barred by the statute of limitations. *See Sims v. Southland Corp.,* 503 S.W.2d 660 (Tex.Civ. App.—Tyler 1973, writ ref'd n. r. e.). As the Texas Supreme Court has stated:

> If the limitation period is measured from the date of the . . . [allegedly negligent act], and if the discovery of . . [the injury] is not made until after the period of limitation has run, the result is that legal remedy is unavailable to the injured party before he can know that he is injured. A result so absurd and so unjust ought not to be possible.

*Hays v. Hall,* 488 S.W.2d 412 (Tex.1973). The only practical time when the cause of action can be deemed to have accrued is the time when the plaintiff knows or should have known that he had asbestosis.

In personal injury cases, the Texas courts hold to the general rule that the cause of action accrues, and thus the statute of limitations begins to run, when the injury occurs. Since asbestosis is a disease that develops over a period of time from habitual inhalation of particulate matter, the time when the injury actually occurs is indeterminable. In addition, the courts have developed an exception to the "time of injury" rule which is called the "discovery rule." As the name implies, in cases falling within this exception the statute of limitations begins to run at the time the person knows or should have known of the injury. The "discovery rule" has been adopted by the Texas Supreme Court in two classes of cases, *i. e.* where a physician negligently leaves a foreign object inside a patient's body after surgery, *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967), and in vasectomy cases where the patient's wife subsequently conceives a child, *Hays v. Hall, supra.* The defendants argue in their Brief in Support of the Motion for Summary Judgment that the discovery rule is strictly limited to these two classes of cases. What must be examined is the purpose served by adopting the "discovery rule."

The purpose of the "discovery rule" is to postpone the commencement of the limitations period in cases where there is no overt act which places the person involved on notice that there may be an injury. Although a worker may know of the dangers of asbestos dust, there is no one action that puts him on notice that he may be developing asbestosis. In fact, there is no one act that causes asbestosis. The only way the worker can know an injury has occurred is some physical symptom of disease or through the report of a physician. Merely breathing the dust is not enough to establish the existence of an injury that will lead to asbestosis.

Extending the "discovery rule" to these asbestosis cases is supported by the Texas Supreme Court's affirmance of *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), in the *Gaddis* case, *supra.* In *Urie,* the plaintiff contracted silicosis, a disease that is caused by continuous inhalation of silica dust. In response to the defendant's argument that the statute of limitations began to run sometime while the employment continued, the United States Supreme Court stated:

[N]o specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves

. . . .

*Urie, supra* at 170, 69 S.Ct. at 1025. The *Urie* case was, as mentioned above, cited with approval in *Gaddis, supra,* and the parallels between the disease in *Urie* and the disease of asbestosis are significant.

A more recent Texas court has applied the "discovery rule" in a situation not within the "left objects" or vasectomy cases, *supra.* In *Grady v. Faykus,* 530 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.), the "discovery rule" was adopted in a medical malpractice case which resulted from excessive radiation treatment. There the plaintiff was exposed to the radiation treatments more than two years before the action was commenced, but less than two years after the time the plaintiff was informed that her injuries were due to the radiation treatment and not to her cancerous condition, as she had formerly assumed. After discussing *Gaddis, supra,* the court held that the "discovery rule" applied and that the action was therefore not barred by limitations:

> We believe a similar situation exists here because it was difficult if not impossible for plaintiff, who was not an expert in the field of x-ray treatment and who relied fully on the doctors' statements to her concerning her condition, to discover the existence of a legal injury.

*Grady v. Faykus,* supra at 154. The same impossibility of discovery in *Grady, supra,* is present in these asbestosis cases. In fact, the impossibility of discovery is even greater here due to the progressive nature of the development of asbestosis.

The situation at hand is appropriate for adoption of the "discovery rule." By so doing, this court does not contravene the purpose for having a statute of limitations, namely, to prevent litigation of stale claims where the recollection of witnesses and the availability of other relevant evidence diminish through time.

■ The time when the statute of limitations begins to run in each of these cases is the time when the plaintiff learned or should have learned that he had asbestosis. Any action not filed within two years from this time will be barred by Tex.Rev.Civ. Stat.Ann. art. 5526 (1958), the Texas Statute of Limitations.

Since the determination of when each plaintiff knew or should have known that he had developed asbestosis is a question of fact, the motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are denied.

■ In Civil Action No. 75–H–870, the defendant has also moved for summary judgment on the ground that this action is time-barred under article 5526, V.A.C.S. According to plaintiff A. J. Burke's allegations in that case, he discovered he had contracted asbestosis shortly after January 22, 1973. Mr. Burke filed his workmen's compensation claim which concluded in a final judgment on February 11, 1975, and filed the instant action on June 2, 1975. Prior to the amendment of the Texas Workmen's Compensation statute, article 8307 § 6a, V.A.C.S., effective September 1, 1973, an employee was required to proceed with his compensation claim before seeking relief in a third party action. *Robinson v. Buckner Park, Inc.,* 547 S.W.2d 60 (Tex.Civ.App. —Dallas 1977, writ ref'd n. r. e.). In *Robinson* the court held that because the employee's injury took place before the effective date of the amendment, the statute of limitations did not begin to run until the conclusion of the workmen's compensation claim.

This court finds, therefore, that Mr. Burke's claim is not barred by the statute of limitations in view of the fact that he filed this suit within two years following the final judgment on his workmen's compensation claim, as well as in view of the court's discussion, *supra.*

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendants' motions for summary judgment be, and the same are, DENIED.