**FIRST NATIONAL BANK OF GRAPE-VINE, Texas, Appellant,**

v.

**NU-WAY TRANSPORTS, INC.,
Appellee.**

**No. 18121.**

Court of Civil Appeals of Texas,
Fort Worth.

June 28, 1979.

Rehearing Denied Aug. 2, 1979.

Second Motion for Rehearing
Overruled Sept. 13, 1979.

Barlow, Gardner, Tucker & Garsek, and James B. Barlow, Fort Worth, for appellant.

Wilbur T. Knape, Hurst, for appellee.

## OPINION

SPURLOCK, Justice.

A bank appeals a judgment against it based on a jury verdict. The bank was found to have converted assets held by it in a corporation's checking account and also to have unreasonably informed a judgment creditor that the corporation was jointly operated with a judgment debtor resulting in the corporation being involved in garnishment actions and being damaged thereby. The question is whether the corporation's recovery is barred by the two year statute of limitation.

We reverse and render.

On February 29, 1964, R. Otis LaGrone and wife obtained a judgment against G. W. Smith in a wrongful death action. G. W. Smith operated trucks and one of his trucks was involved in the accident which precipitated the suit and judgment. G. W. Smith's son, Kenneth Smith, is the president of Nu-Way Transports, Inc. Nu-Way is engaged in the trucking business but is not connected with the trucking operations of G. W. Smith. However, both Nu-Way and G. W. Smith have accounts at the First National Bank of Grapevine.

To enforce the judgment against G. W. Smith, the LaGrones caused a writ of garnishment to be issued against the bank on October 29, 1965, in cause number 10,007.

Nu-Way was neither mentioned in the La-Grones' application for the writ nor named as a judgment-debtor or otherwise in the writ of garnishment. Even though Nu-Way was not involved, the bank impounded Nu-Way's funds. Nu-Way alleged and the jury found that this was a conversion of Nu-Way's funds by the bank on October 29, 1965. The bank was apparently of the opinion that G. W. Smith and Kenneth Smith were operating Nu-Way Transports jointly.

Nu-Way also alleged that the bank maliciously advised the LaGrones that G. W. and Kenneth Smith were operating Nu-Way jointly and that the bank continued to attempt to implicate Nu-Way in the enforcement of the LaGrones' judgment resulting in the issuance of two other writs of garnishment against debtors of Nu-Way. One of these writs was issued against Wesco-Wamix, Inc. on December 18, 1965 in cause number 10,037. The other writ was issued against Lone Star Cement Corporation on April 23, 1970 in cause number 10,926. The jury found that the bank advised the LaGrones that Nu-Way was being operated jointly with G. W. Smith; that this advice was unreasonable; and that such action was a proximate cause of damage to Nu-Way.

Nu-Way first filed suit against the bank on October 27, 1967. Although its pleadings in the 1967 suit are not in the record, we presume two causes of action were alleged, conversion on October 29, 1965 and tortious conduct in advising the LaGrones that G. W. Smith and Nu-Way were operating jointly resulting in the writ of garnishment against Wesco-Wamix, Inc. on December 18, 1965. Nu-Way alleges that the bank filed a plea in abatement seeking to abate the action until the LaGrones' garnishment against the bank was litigated. However, no such plea appears in the record. It appears, although not in the record, that Nu-Way's suit was dismissed for want of prosecution on June 24, 1969. Nu-Way filed the suit upon which this appeal is based on October 22, 1971.

The bank filed a plea of limitation in this action which was carried along by the trial court. The bank again asserted limitation in a motion for judgment n. o. v. The trial court overruled the bank's motion. On appeal the bank claims that all acts complained of occurred on or about October 29, 1965. It therefore concludes that Nu-Way's action, filed in 1971, is barred by either the two or four year statute of limitation. Thus we are directed to review Nu-Way's allegations to determine when the causes of action arose and when the applicable statute of limitation began to run.

■ Nu-Way alleged that the bank converted its funds by wrongfully impounding them on October 29, 1965. The two year statute of limitation governs actions for conversion. A cause of action for conversion usually accrues when the act of conversion is complete. 14 Tex.Jur.2d *Conversion* § 76 at 64–65 (1960). Thus we hold that the two year statute of limitation began to run on October 29, 1965. Nu-Way filed its first suit on October 27, 1967, two days before it would have been barred by the two year statute. Nu-Way claims that the plea in abatement sought to have that suit abated until the garnishment action against the bank in cause number 10,007 was litigated to a final judgment. No such plea appears in the record and therefore cannot affect the decision in this case. However, even if the bank did file such a plea seeking to have the suit abated until the garnishment action in cause number 10,007 was finally litigated and Nu-Way is correct in its allegation that this estops the bank from asserting limitation, this would still not afford Nu-Way any relief. We note that Nu-Way's first action for conversion was filed on October 27, 1967, two days before it would have been barred. The record reflects that a final judgment was rendered in the garnishment action in cause number 10,007 on April 29, 1971. Thus, assuming again the bank was estopped from asserting limitation during the pendency of the garnishment action, Nu-Way

would have had two days to file its present action. See *Berry v. Humble Oil & Refining Co.*, 205 S.W.2d 376 (Tex.Civ.App.—Waco 1947, writ ref'd n. r. e.). Nu-Way did not file its present action until October 22, 1971. Even assuming the bank was estopped from asserting limitation during the pendency of the garnishment action, the present action for conversion would be barred.

■ Nu-Way also claims that the garnishment action against the bank in cause number 10,007 tolled the statute because it prevented Nu-Way from asserting its legal right or remedy. Nu-Way correctly states the general rule that a statute of limitation will not bar an action where the pendency of another legal proceeding prevented the assertion of a legal right or remedy. We note however, that Nu-Way alleged a cause of action for conversion. It did not assert a cause of action to recover for wrongful payment under a garnishment proceeding, cause number 10,007. Thus the rule in *Meeks v. Hudgins*, 22 S.W.2d 764 (Tex.Civ. App.—Austin 1929, no writ), that a cause of action for wrongful payment under a garnishment proceeding does not accrue until a final judgment is rendered in the garnishment case, would not apply to Nu-Way's case.

■ Further, we fail to discern how Nu-Way was prevented from asserting its cause of action for conversion. The record reflects that Nu-Way intervened in the garnishment action in which the bank was the defendant. By its intervention Nu-Way had a position as a defendant. We know of no reason why Nu-Way could not have cross-claimed against the bank for conversion and litigated this issue as part of the garnishment action. Already at issue in the garnishment action was the question of whether Nu-Way and G. W. Smith were operating jointly. This is probative of whether the impounding of Nu-Way's funds by the bank was wrongful.

For the proposition that Nu-Way was prevented from exercising its legal reme-dies it cites a line of cases involving injunctions. We distinguish this case from cases where an injunction prevents the exercise of a legal right or remedy. There was no injunction in this case. We conclude that the garnishment action in no way prevented Nu-Way from seeking to exercise its legal remedies. Therefore we hold that the two year statute barred Nu-Way's action against the bank for conversion.

In addition to conversion the jury, by its verdict, found that the bank had unreasonably advised the LaGrones that Nu-Way and G. W. Smith were operating jointly and that this was a proximate cause of damages. On this theory of recovery Nu-Way pled that the bank was guilty of continuing acts of advising the LaGrones and of precipitating and implicating Nu-Way in two other garnishment actions. One of these actions resulted from a writ of garnishment being issued against Wesco-Wamix in cause number 10,037 on December 18, 1965. The other resulted from a writ of garnishment being issued against Lone Star Cement Corporation in cause number 10,926 on April 23, 1970.

■ In determining when the statute of limitation began to run on Nu-Way's cause of action, we are guided by the general rule that limitations begin to run on causes of action for torts from the time the duty owed to the plaintiff was breached or the wrongful act was committed and the plaintiff was damaged. The fact that damage may continue to occur for an extended period of time such that it is not fully realized at the time of suit will not prevent limitation from starting to run. Limitation commences when the wrongful act occurs resulting in some damage to the plaintiff. See 37 Tex.Jur.2d *Limitation of Actions* § 93 at 241 (1962) and cases therein cited.

■ To apply this rule of limitation to this case we have carefully reviewed the evidence. The jury found that the bank had advised the LaGrones that Nu-Way was being operated jointly with G. W. Smith.

There is evidence in the record which supports this finding. However, the only evidence supporting this finding reflects that the bank gave the advice on or about October 29, 1965. There is no evidence in the record that Nu-Way was damaged by the action of the bank until the writ of garnishment was issued against Wesco-Wamix on December 18, 1965. Thus we conclude that the two year statute of limitation began to run on December 18, 1965.

■ It is true that another writ of garnishment was issued against Lone Star Cement on April 23, 1970 and this incident was within two years of October 22, 1971, the date Nu-Way filed this suit. However, there is no evidence that the bank advised the LaGrones to garnish Lone Star Cement or gave any advice independent of the advice given on or about October 29, 1965. We conclude that under the evidence in this case, any damages caused by the garnishment action against Lone Star Cement resulted from the acts of the bank in 1965. Therefore we hold that the two year statute of limitation bars the recovery awarded Nu-Way by the trial court's judgment.

The bank has numerous points of error in addition to those asserting limitation. Because we have held that recovery in this case is barred by limitation we need not discuss these other points. However, we have severally considered each point of error presented in complaint of the trial court's judgment. Except as to those relating to limitation, we overrule each of the bank's other points.

The judgment of the trial court is reversed. Judgment is rendered that Nu-Way take nothing.

HUGHES, Justice, concurring.

But for the fact that there is no evidence in the record of the sustaining of the plea in abatement referred to in plaintiff's supplemental petition, I would respectfully dissent. Whether the plaintiff was prevented from pursuing its remedy by injunction or by abatement would not make any difference, one would be as effective as the other.

I concur in the results.