Doris **STILES**, Individually and As Surviving Spouse, etc., et al., Plaintiffs,

v.

**UNION CARBIDE CORPORATION,** Defendant.

Mrs. Florence H. **JOHNSON**, Plaintiff,

v.

**UNION CARBIDE CORPORATION,** Defendant.

Bernyce Oleta **LILES**, et al., Plaintiffs,

v.

**UNION CARBIDE CORPORATION,** Defendant.

Civ. A. Nos. G–79–68, G–79–91 and G–79–248.

United States District Court, S. D. Texas, Galveston Division.

Aug. 17, 1981.

**12.** The cases do not address, for example, the issue of divisibility. *Cf. Sidco Paper Co. v. Aaron,* 465 Pa. 586, 351 A.2d 250 (1976).

C. Michael Davis, Harvill & Hardy, Houston, Tex., for plaintiffs Doris Stiles, et al.

Tom Kirtley, Mandell & Wright, Houston, Tex., for plaintiff Florence H. Johnson.

Mike Liles, Simon & Simon, Houston, Tex., for plaintiffs Bernyce Oleta Liles, et al.

F. Walter Conrad, Baker & Botts, Houston, Tex., for defendant Union Carbide Corp.

MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Union Carbide Corporation, defendant in each of the above-styled and numbered di-

versity actions, has filed identical motions for summary judgment in each action. These actions are brought pursuant to the Texas Wrongful Death Act, Tex.Rev.Civ. Stat.Ann. arts. 4671 *et seq.* (Vernon Supp. 1980–1981), and the Texas Survival Statute, Tex.Rev.Civ.Stat.Ann. art. 5525 (Vernon 1958), by the legal heirs and survivors of three long-time employees of Union Carbide at its Texas City plant. Plaintiffs allege in each case that their decedent's wrongful death was occasioned by occupational exposure to certain toxic chemicals, principally vinyl chloride. The actions have been consolidated for purposes of arguments and decision on defendant's summary judgment motions.

■ Two separate and distinct causes of action may arise when injuries wrongfully inflicted result in death. One is the common law action for damages sustained by the decedent and his estate as a result of injuries; this action survives to the heirs or legal representatives under the Texas survival statute. The other right of action is conferred upon the surviving spouse, children, and parents of the decedent by the wrongful death act. *Landers v. F. F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex.1963); *Theobold v. Pate*, 542 S.W.2d 460, 465 (Tex.Civ. App.—Tyler 1976, no writ).

There is but one statute of limitations concerning actions for the infliction of personal injuries resulting in death. Tex.Rev. Civ.Stat.Ann. art. 5526(5) (Vernon Supp. 1980–1981) provides:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

. . .

5. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured.

■ The issue presented by these cases, apparently one of first impression under Texas law, turns on whether this statute means what it clearly purports to say. The

Court must determine whether the limitations statute bars "an action for injury done to the person of another where death ensues" brought more than two years after the death of a decedent, but less than two years from the date upon which plaintiffs contend they first knew or had reason to know of their right of action against the defendant. In other words, the Court must decide whether, consistent with article 5526(5) and underlying legislative purpose, a judicial gloss can be given the apparently unambiguous statutory directive so as to permit the maintenance of these actions. The Court, albeit reluctantly, cannot conclude that the Texas Legislature, when it said that a cause of action "shall be commenced and prosecuted within two years after . . . the death of the party injured," meant "two years from the date of discovery of the cause of death," or that the Supreme Court of Texas, if presented with the question, would read the statute of limitations as plaintiffs desire.

Plaintiffs urge that the "discovery rule" applied by courts in this forum in determining the limitation period under article 5526(4), which governs actions for personal injuries not resulting in death, should be recognized in wrongful death cases subject to the provisions of article 5526(5) to avoid the harsh result that may otherwise obtain in this instance. Article 5526(4) provides:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

.    .    .    .    .

4. Action for injury to the person of another.

In negligence actions under article 5526(4), the period of limitations ordinarily begins to run from the commission of the negligent act, not the date of the ascertainment of damages. *See, e. g., Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967); *First National Bank v. Nu-Way Transports, Inc.*, 585 S.W.2d 813, 816 (Tex.Civ.App.— Fort Worth 1979, writ ref'd n.r.e.); *Dotson*

*v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ). Texas courts have recognized, however, that under appropriate circumstances the period of limitations in negligence actions does not begin to run until the date that the plaintiff discovers, or through the exercise of ordinary care should discover, the nature of his injury. *E. g., Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex.1977); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977); *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex.1972); *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex.1967). This is the so-called "discovery rule."

Article 5526(4) also governs product liability actions; in these cases the discovery rule determines when the period of limitations commences. *See, e. g., Fusco v. Johns-Manville Products Corp.*, 643 F.2d 1181, 1183 (5th Cir. 1981); *Roman v. A. H. Robins Co., Inc.*, 518 F.2d 970, 971–72 (5th Cir. 1975). In personal injury cases involving exposure to toxic substances in the workplace, the courts have generally recognized under article 5526(4) that the cause of action accrues from the date the worker knew or should have known that a particular substance was a possible cause of his symptoms. *See, e. g., Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076, 1101–02 (5th Cir. 1973), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974); *Strickland v. Johns-Manville International Corp.*, 461 F.Supp. 215, 217–18 (S.D.Tex.1978).

■ Plaintiffs' argument that the discovery rule should similarly be applied under article 5526(5) in wrongful death cases such as these, however, misconceives both the nature of this rule and the inherent limitations upon the ability of the courts to fashion from whole cloth judicial exceptions to legislative acts. The discovery rule is a judicially conceived test to be applied in determining when a plaintiff's cause of action accrued. *Weaver v. Witt, supra*, at 794. In the absence of legislative definition and specification, the question when a cause of action accrues is a judicial one; courts are called upon to fashion general rules of accrual to effectuate the policy of repose

underlying statutes of limitations without permitting unnecessary injustices. *Robinson v. Weaver, supra*, at 20. Where, however, as in article 5526(5), the Legislature has clearly and unequivocally prescribed that a cause of action accrues on the occurrence of a specified event, the courts are without power to fashion a different rule for determining when a cause of action accrues;

> Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfortunate occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute.

*Id.* at 20. *Cf. Cadieux v. International Tel. & Tel. Corp.*, 593 F.2d 142 (1st Cir.1979) (construing analogous Rhode Island two-year wrongful death statute of limitations).

■ Plaintiffs further allege that Union Carbide fraudulently concealed the cause of their decedents' injuries and deaths, and that such fraudulent concealment tolls the statute of limitations. *See, e. g., Dotson v. Alamo Funeral Home, supra*, at 311. Fraudulent concealment, however, is an affirmative defense to the statute of limitations under which plaintiffs have the burden of producing proof raising issues of fact as to its existence. *Weaver v. Witt, supra*, at 793; *Nichols v. Smith*, 507 S.W.2d 518, 520–21 (Tex.1974); *Dotson v. Alamo Funeral Home, supra*, at 311.

■ In order for the doctrine of fraudulent concealment to apply, it must be shown that the defendant had actual knowledge of the fact that a wrong has occurred, and a fixed purpose to conceal the wrong. *Dotson v. Alamo Funeral Home, supra*, at 311. *See Carrell v. Denton*, 138 Tex. 145, 157 S.W.2d 878 (1942). The mere failure to disclose a cause of action, or its mere concealment, is not fraudulent concealment

for purposes of tolling a statute of limitations. *Shipp v. O'Dowd*, 454 S.W.2d 845, 847 (Tex.Civ.App.—Waco 1970, writ ref'd n.r.e.); *Grace v. Parker*, 337 S.W.2d 518, 521 (Tex.Civ.App.—Austin 1960, writ ref'd n.r. e.).

■ Union Carbide's defense of the statute of limitations is established by the record as a matter of law. Plaintiffs, however, have failed to produce summary judgment proof raising a genuine issue of fact as to fraudulent concealment. Plaintiffs allege that Union Carbide was aware as early as 1972 of evidence indicating a causal relationship between exposure to vinyl chloride and cancer, but that defendant did not directly disclose to the decedents or their survivors this knowledge. Even assuming for present purposes such allegations to be true, they fail to raise an issue of fact sufficient to preclude defendant's motion for summary judgment.

The Court is cognizant that the specific legislative directive that all wrongful death actions be brought within two years from the date of death may produce harsh, even unjust results. This Court might well question the wisdom of any statute of limitations that, even as an occasional by-product, precludes a legal remedy before an injured party can know he has been wronged. *Hays v. Hall, supra.* Yet, it would be inappropriate for this Court, sitting in diversity, to imbue article 5526(5) with a gloss so obviously at odds with the plain language of that statute, or to engraft upon it a judicial exception that the courts of this state have never recognized.

Therefore, it is ORDERED, ADJUDGED and DECREED that defendant's motions for summary judgment in Civil Action Nos. G–79–68, G–79–91, and G–79–248 are GRANTED. The Court shall enter a judgment in each case dismissing the action on the merits, and directing that the parties shall bear their respective taxable costs of court, if any.