Tom Watson WEAVER, Petitioner,

v.

Raymond WITT, Respondent.

No. B–6923.

Supreme Court of Texas.

Nov. 16, 1977.

Brown & Haden, Charles M. Haden, Houston, for petitioner.

Hicks, Hirsch, Glover & Cochran, Marc Allan Sheiness, Houston, for respondent.

PER CURIAM.

This is a malpractice case involving an alleged negligent surgical operation. Dr. Raymond Witt performed a hemorrhoidectomy on Tom Weaver on February 1, 1971. In this action for damages, it was alleged that the operation was performed negligently by Dr. Witt in that the nerves and muscles in Weaver's rectum were damaged, causing him to lose control of his bowels. Weaver's suit was not filed until January 16, 1976, and, to avoid the bar of the two year statute of limitations, Weaver alleged that Dr. Witt fraudulently concealed the cause of the injury and that it was not until June 1975 that Weaver discovered his injury was the result of Dr. Witt's alleged negligent surgical performance.

The district court rendered summary judgment for Dr. Witt. The Court of Civil Appeals affirmed. 552 S.W.2d 565. The appellate court held that both fraudulent concealment and the *discovery rule* were affirmative defenses to the statute of limitations with the burden on plaintiff to produce proof raising issues of fact as to the existence of each. Since Weaver failed to produce any summary judgment proof, it was concluded that summary judgment for Dr. Witt was proper.

■ As to the fraudulent concealment plea, the Court of Civil Appeals was correct. Fraudulent concealment is an affirmative defense to the statute of limitations under which the plaintiff has the burden of coming forward with proof to support the allegation. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974).

■ The *discovery rule* referred to may be stated as the legal principle that a statute of limitations barring prosecution of an action for medical malpractice runs, not from the date of the practitioner's wrongful act or omission, but from the date the nature of the injury was or should have been

discovered by the plaintiff.[1] *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972). The rule is not a plea of confession and avoidance of the statute of limitations but is the test to be applied in determining when a plaintiff's cause of action accrued. *Hays v. Hall, supra.* To be entitled to summary judgment, the burden is on the movant,[2] defendant here, to negate the pleading of the *discovery rule* by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex.1974). *See Nichols v. Smith, supra; Torres v. Western Casualty & Surety Co.,* 457 S.W.2d 50 (Tex.1970).

The only summary judgment proof offered by Dr. Witt was an affidavit stating that January 22, 1973 was the last date on which he examined Weaver. This proof does not negate the *discovery rule* allegation. It was error to render summary judgment on the ground that no genuine issue existed as to the time when Weaver discovered or should have discovered the nature of his injury.

The holding of the Court of Civil Appeals is in conflict with *Zale Corporation v. Rosenbaum, supra,* and *Hays v. Hall, supra.* The application of Tom Watson Weaver is granted and, without oral argument, the judgments of the courts below are reversed. Rule 483, Texas Rules of Civil Procedure. The cause is remanded to the district court for trial on the merits.

1. For causes of action accruing after August 29, 1977, the Medical Liability and Insurance Improvement Act provides that "no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." Tex. Laws 1977, ch. 817, § 10.01, at 2052.

2. In a conventional trial on the merits, proof of facts suspending operation of a statute of limitations is the burden of the party pleading suspension. *Wise v. Anderson,* 359 S.W.2d 876 (Tex.1962).