**Laura ARCHAMBAULT, Appellant,**

v.

**Edward Leo ARCHAMBAULT and Norma Elizabeth Archambault, Appellees.**

No. B14–92–0122–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1992.

Dawn M. Korman, Otto D. Hewitt, III, Houston, for appellant.

Brock C. Akers, Houston, for appellees.

Before MURPHY and CANNON, JJ., and ROBERT E. MORSE, J. (sitting by designation).

OPINION

MURPHY, Justice.

This is an appeal from a summary judgment granted in favor of appellees Edward

and Norma Archambault. We reverse and remand.

Laura Archambault, appellant, was born on April 30, 1964. On July 30, 1991, appellant filed suit against her parents, Edward and Norma Archambault alleging that they had physically and sexually abused her as a child. Appellant alleged that these acts were performed on her from the ages of four to nine, but that she was only able to recall these incidents in May of 1990 after therapy, including hypnotic therapy. She claimed that she was unable to discover the harm inflicted on her until she received professional help.

On September 11, 1991, the appellees filed a motion for summary judgment asserting a limitations defense. Appellees argued that since appellant was a minor at the time the alleged abuse occurred, the statute of limitation was tolled until she turned eighteen; however, since appellant turned eighteen in 1982, she had only until 1984 to bring suit. Therefore, since appellant did not file suit until 1991, the suit was barred by TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a)(1) (Vernon 1986). The only summary judgment proof attached to the motion was the affidavit of Edward Archambault. The affidavit stated that he was the father of Laura Archambault, that she was born on April 30, 1964, and that she turned eighteen on April 30, 1982. Appellant filed a response to the motion for summary judgment alleging the discovery rule and fraudulent concealment. On October 14, 1991, the trial court granted appellees' motion for summary judgment.

In her second point of error, appellant contends the trial court erred in granting summary judgment in favor of the appellees because appellees failed to negate the discovery rule.

 When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Buffington v. Lewis*, 834 S.W.2d 601, 602–03 (Tex.App.—Houston [1st Dist.] 1992, n.w.h.). The defendant must prove when the cause of action accrued, and must negate the discovery rule if pled by the nonmovant. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977); *Rose v. Baker & Botts*, 816 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Under the discovery rule, the statute of limitation does not begin to run until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing a cause of action. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990); *Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex.1988). The discovery rule tolls the running of limitations. *Corder v. A.H. Robins Co.*, 692 S.W.2d 194, 196–97 (Tex.App.—Eastland 1985, no writ). The movant must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns*, 786 S.W.2d at 267; *Krueger v. Gol*, 787 S.W.2d 138, 140 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Thus, in this summary judgment setting, it is Edward and Norma Archambault who bear the burden of negating the discovery rule as a matter of law.

In her original petition, appellant raised the discovery rule. In the petition, she averred that she was unable to recall or discover the harm without professional help, and that on May 7, 1990, during hypnotic therapy, she was able to recall the abuse for the first time. The appellees made no mention of the discovery rule in their motion for summary judgment. Appellant again asserted the discovery rule, this time in detail, in her response to appellees' motion for summary judgment. Appellees did not supplement their motion for summary judgment, nor did they file a reply to appellant's response. In sum, appellees not only failed to negate the discovery rule, they failed to even address it. Since the law is clear that the burden rests upon the summary judgment movant to negate the discovery rule as a matter of law, and appellees failed in their burden, we must reverse and remand this cause of action to the trial court.

In their brief and during oral argument, appellees argued that the discovery rule does not apply in this case. They made several separate arguments in support of this contention. They also alleged that appellant's summary judgment proof, affidavits of appellant and her therapist, were improper summary judgment proof. Neither of these arguments or objections was brought to the attention of the trial court in the motion for summary judgment or in the affidavit attached thereto. Appellees filed no other documents with the trial court in support of their contentions. Under rule 166a(c), issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166a(c). Beyond the clear language of the rule, several courts have held that the specific grounds or reasons supporting the motion for summary judgment must be set forth in the motion, and issues not presented cannot be considered on appeal in support of the summary judgment. *Brooks Fashion Stores v. Northpark Nat'l Bank,* 689 S.W.2d 937, 941 (Tex.App.—Dallas 1985, no writ); *Hall v. Harris Co. Water Dist.,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Roling v. McGeorge,* 645 S.W.2d 886, 887–88 (Tex. App.—Tyler 1983, no writ). Therefore, the arguments made by appellees on appeal regarding the inapplicability of the discovery rule cannot be considered by this court.

█ Appellees also argued in this appeal that appellant's summary judgment proof was improper, and therefore, the discovery rule was not properly raised. They contend that the affidavits of appellant and Dr. Eldredge–Thompson, her therapist, contain mere opinions and legal conclusions. The affidavits were never objected to below. Objections to summary judgment proof must be timely lodged in the trial court and may not be raised for the first time on appeal. *See Sparks v. Cameron Employees Credit Union,* 678 S.W.2d 600, 603 (Tex.App.—Houston [14th Dist.] 1984, no writ).

Because appellees' summary judgment proof does not establish when appellant discovered or should have discovered her injury and its cause, they have failed to establish their right to summary judgment based on limitations. If appellees wished to contend on appeal that the discovery rule never applies in this type of case, they should have presented that argument to the trial court. Further, any objections to appellant's summary judgment proof regarding the discovery rule were waived by appellees failure to object in the trial court. Appellant's second point of error is sustained. Because our disposition of appellant's second point of error is dispositive, we find it unnecessary to address her remaining points of error.

The judgment is reversed and the cause of action is remanded to the trial court.