Gerald W. CHRISTOPHER et al.

v.

MOBIL OIL CORPORATION, et al.

No. 1:89 CV 653.

United States District Court,
E.D. Texas,
Beaumont Division.

June 1, 1993.

William E. Townsley, Townsley, Hanks & Townsley, Beaumont, TX, W. Randolph Barnhart, Thomas L. Roberts, Rodney R. Patula, Michael G. Bohn, Bradford J. Lam, Peter W. Pryor, Elizabeth C. Moran, Gary J. Benson, Pryor Carney & Johnson, Englewood, CO, for plaintiffs.

Michael E. Tigar, Austin, TX, Loren Kieve, Mary Ann Doyle, Devevoise & Plimpton, Washington, DC, Robert J. Hambright, Gilbert Irvine Low, Orgain Bell & Tucker, Beaumont, TX, for defendants.

### MEMORANDUM OPINION AND ORDER DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

CAME ON TO BE HEARD this day defendants' Motion for Summary Judgment. After considering the motion, the response in opposition, the reply to the response in opposition, the exhibits, and the affidavits, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

Mobil Oil Corporation, Retirement Plan of Mobil Oil Corporation, and Rex Adams (hereinafter "defendants") have moved for summary judgment on the claims asserted against them by Gerald Christopher, Charles Prunty, and Billy Turner (hereinafter "plaintiffs"). Plaintiffs have alleged causes of action under § 510 of ERISA, 29 U.S.C. § 1140, for wrongful constructive "discharge" which they contend deprived them of certain rights and benefits to which they were entitled under Mobil's retirement plan. Plaintiffs allege that defendants fraudulently concealed from plaintiffs material information about amendments to the plan. Plaintiffs contend that the alleged fraudulent concealment was intended to and did cause each of them to retire early and lose certain rights and benefits under the retirement plan. The issue presented by this motion is whether fraudulent concealment, if it occurred, tolls the statute of limitations on the plaintiffs' claims asserted under § 510 of ERISA. Based upon the opinion by the United States Court of Appeals for the Fifth Circuit in this case, *Christopher v. Mobil Oil Corporation*, 950 F.2d 1209 (5th Cir.1992), the court will assume for purposes of this motion that plaintiffs have standing to sue under the provisions of § 502 of ERISA, 29 U.S.C. § 1132, and have asserted valid causes of action for wrongful "discharge" under § 510 in their first amended complaint.

Defendants contend that fraudulent concealment is not relevant to the application of the statute of limitations to plaintiffs' § 510 constructive "discharge" claims. (Transcript of Management Conference, May 22, 1992, at p. 37–38.) Defendants argue that the limitations period began to run on July 2, 1984, when plaintiffs were first presented with the choice of continuing their employment with Mobil and foregoing a lump sum payment of benefits upon retirement or taking early retirement to receive the lump sum payment. Accordingly, defendants claim that plaintiffs' § 510 claims became time-barred on July 2, 1986, two years after they first learned of the early retirement option and more than three years before this action was filed.

Plaintiffs argue that the limitations period was tolled from July 2, 1984, until early 1989 because defendants fraudulently concealed facts necessary to support the plaintiffs' § 510 claims. Plaintiffs claim that certain retirement options that were available to them were intentionally concealed by defendants. Plaintiffs allege that they did not become aware of an amendment to the retirement plan giving an employee the option to keep his or her job and possibly still receive a lump sum payment upon retirement until the information was discovered after a similar trial involving defendants in December of 1988.

## ANALYSIS

### Statute of Limitations

ERISA provides no statute of limitations for § 510 claims. "Where federal law does not specify a limitations period, federal courts generally borrow the limitations period from the state statute which substantively most resembles the federal action." *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 152, 107 S.Ct. 2759, 2765, 97 L.Ed.2d 121 (1987). The Fifth Circuit has held that an action under § 510 brought in the state of Texas is most similar to a Texas wrongful discharge or employment discrimination claim. *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir.1991) (applying Tex. Civ.Prac. & Rem.Code § 16.003 to ERISA § 510 lawsuits). Consequently, the appropriate statute of limitations is the Texas two-year statute applicable to wrongful discharge and employment discrimination claims, § 16.-003 of the Texas Civil Practice and Remedies Code. *Id.*; TEX.CIV.PRAC. & REM.CODE (Vernon 1992).

The plaintiffs contend that fraudulent concealment of material facts by Mobil is an essential element of the plaintiffs' wrongful "discharge" claims under ERISA § 510. A cause of action based on fraud accrues when the fraud is discovered or by the exercise of reasonable diligence should have been discovered. *Meyers v. Moody*, 693 F.2d 1196, 1206 (5th Cir.1982), *cert. denied*, 464 U.S. 920, 104 S.Ct. 287, 78 L.Ed.2d 264 (1983). Whether or not plaintiffs exercised

the degree of diligence necessary to toll the statute of limitations is a question of fact. *Id.; see L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.,* 566 F.2d 494, 497 (5th Cir.1978) (holding that "[t]he point in time at which the fraud should have been discovered depends upon the facts of each case."). Further, under Texas law "[f]raudulent concealment is an affirmative defense to the statute of limitations under which the plaintiff has the burden of putting forth proof to support the allegation." *Arabian Shield Development Co. v. Hunt,* 808 S.W.2d 577, 584 (Tex.App.–Dallas 1991, writ denied), *citing, Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977). Therefore, if plaintiffs are correct that fraudulent concealment or nondisclosure of material facts is an essential element of their § 510 "discharge" claims, then in order to defeat defendants' motion for summary judgment, plaintiffs must provide the court with specific facts which they believe demonstrate the alleged fraud perpetrated by the defendants. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

**Fraudulent Concealment and § 510 "Discharge"**

■ Plaintiffs allege that the amended retirement plan, as presented to them on July 2, 1984, was not approved by the Internal Revenue Service (hereinafter "IRS"). (Plaintiffs' Exs. 11 and 18.) However, on December 21, 1984, defendants allegedly represented to plaintiffs that the amended plan had been approved by the IRS. (Plaintiffs' Ex. 20.) The amended plan was not approved by the IRS as it had been presented to plaintiffs, but an amended plan containing a provision for waiver of the lump sum eligibility dollar threshold was approved by the IRS on November 23, 1984. This waiver provision allowed employees to continue working and, upon subsequent retirement, apply for payment of a lump sum benefit with the possibility of having the original plan's criteria applied to determine eligibility. (Affidavit of Michael Bohn, Ex. 23, p. 1.) The waiver provision was allegedly never presented to plaintiffs as a retirement option. (Plaintiffs' Exs. 14, 15, and 16); (Affidavits of Christopher, Prunty, and Turner at p. 6,

Paragraph 13.) The amended plan with the waiver provision was presented to Mobil's current employees on October 29, 1985, but allegedly was never presented to plaintiffs who, by that time, had already retired. (Plaintiffs' Exs. 22 and 23.) Plaintiffs allege that defendants had a duty to disclose the waiver provision, but concealed this provision from the employees at that time in order to reduce their work force. (Affidavits of Christopher, Prunty, and Turner at p. 3, Paragraph 8.) Plaintiffs claim that had they known of the option provided for by the waiver provision, they would have elected to retain their jobs and retire at a later date. (Affidavits of Christopher, Prunty, and Turner at 6, Paragraph 12.) Plaintiffs maintain that these facts demonstrate deliberate acts by defendants to conceal facts necessary to support plaintiffs' § 510 claims.

Although constructive discharge occurs when the employee is put to an unfavorable choice, there can be no cause of action unless there is something wrongful about the discharge. Generally, any wrongfulness stems from the employer's motivation for the discharge, whether constructive or a direct firing. That motivation must be age in the case of an age discrimination claim and "for the purpose of interfering with the attainment" of a right provided by ERISA in the case of a § 510 claim.

The "right" under ERISA allegedly interfered with here was the right to a lump sum benefit at regular retirement age. However, because Mobil reserved the prerogative to amend its retirement plan at any time, there was nothing apparent to the plaintiffs that was wrongful about the plan amendment increasing the lump sum eligibility threshold. The plaintiffs, on page 6 of their response to this motion, state ". . . no provision of ERISA prohibited Mobil from announcing a change in the eligibility requirements for the lump sum option. . . ." They argue that a cause of action for "discharge" under § 510 did not begin to accrue until they discovered, or reasonably should have discovered, that Mobil had not disclosed its adoption of the waiver provision which was approved by the IRS on November 23, 1984, before the plaintiffs' retirement date of January 1, 1985.

The plaintiffs argue that Mobil's nondisclosure of the waiver provision is essential to their § 510 claim of wrongful constructive "discharge." Mobil steadfastly denies that any fraudulent nondisclosure or concealment occurred, but contends that even if it did occur, such nondisclosure is not an essential element of constructive "discharge" and the plaintiffs' cause of action began to accrue July 2, 1984.

Contrary to Mobil's position, however, the Court of Appeals suggests that concealment of facts material to the employment and retirement benefit decisions the plaintiffs had to make "might be found to vitiate the voluntariness of their decision to retire" in violation of § 510. *Christopher,* 950 F.2d at 1223. Therefore, Mobil's alleged nondisclosure of the waiver provision would appear to be essential to the plaintiffs' § 510 "discharge" claims. This nondisclosure forms the basis of these claims and is not simply an additional detail to be used by the plaintiffs to reinforce their wrongful discharge claims.

## CONCLUSION

Plaintiffs have produced competent evidence that defendant may have fraudulently concealed material information concerning benefits under the retirement plan. Accordingly, plaintiffs have met their burden to establish an issue of fact regarding an affirmative defense to the running of the statute of limitations. The court finds that plaintiffs have raised a genuine issue of material fact as to whether defendants fraudulently concealed the amended plan and if so, whether plaintiffs exercised due diligence in discovering the fraud.

It is, therefore, **ORDERED** that defendants' Motion for Summary Judgment is hereby **DENIED.** This case is set for a further case management conference on July 9, 1993.