**Ophelia SANCHEZ, Appellant,**

v.

**ARCHDIOCESE OF SAN ANTONIO, the Immaculate Heart of Mary Catholic Church, the Order of the Benedictine Sisters, the Order of Claretian Missionaries, Appellees.**

**No. 04–93–00366–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 23, 1994.

Rehearing Denied April 13, 1994.

**88**

Carolyn H. Barker, Barker and Barker, San Antonio, for appellant.

Thomas Drought, Drought & Pipkin, L.L.P., San Antonio, for appellees.

Before CHAPA, C.J., and BUTTS and STEPHENS,[1] JJ.

## OPINION

STEPHENS, Justice (Retired).

This appeal stems from a trial court's summary judgment denying appellant, Ophelia Sanchez, recovery on her claim of sexual abuse while she was a student at an elementary school in San Antonio, known as Immaculate Heart of Mary.

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at

## CASE HISTORY

Summary judgment was granted by the Honorable Raul Rivera on February 10, 1993. On February 11, 1993, motions for reconsideration and for recusal were filed by Sanchez. Judge Rivera recused himself from further service in the case and referred the motion for reconsideration to the Honorable Martha Tanner who subsequently heard the motion and denied reconsideration, entering her order on March 3, 1993. Sanchez then filed a motion for new trial to have Judge Rivera's judgment of February 10th set aside. Appellees moved the court to vacate Judge Rivera's judgment of February 10, 1993 and to let Judge Tanner's judgment of March 3, 1993 stand as the final judgment. These motions were heard, and on April 7, 1993, Judge Tanner entered a modified order of final summary judgment and order denying plaintiff's motion for reconsideration of final summary judgment, which in effect vacated Judge Rivera's summary judgment and let the judgment of March 3, 1993 stand as final judgment in the case.

On appeal, Sanchez presents four points of error:

1. The Trial Court erred in granting Defendants' Motion to Vacate Judgment entered February 10, 1993 and For Judgment entered March 3, 1993 to be a final judgment because the hearing on March 2, 1993 was not a summary judgment hearing with its required formalities.

2. The Trial Court erred in granting Defendants' Motion to Vacate Judgment entered February 10, 1993 and for Judgment entered March 3, 1993 to be a final judgment because when the Trial Court vacated the February 10, 1993 order, the March 3, 1993 order (being an order denying reconsideration of the February 10, 1993 order) was of no consequence, and therefore, moot.

3. The Trial Court erred in granting Defendants' Motion for Summary Judgment and entering judgment for Defen-

Dallas, sitting by assignment.

dants because the Trial Court refused to apply the discovery rule.

4. The Trial Court erred in granting Defendants' Motion for Summary Judgment and entering judgment that Appellant take nothing because there remained an issue of fact as to when Plaintiff knew or should have known about the abuse.

## FACTS

Ophelia Sanchez was a fifty-seven year old woman at the time of filing this suit. She alleges that as a child she attended Immaculate Heart of Mary School in San Antonio from pre-school through approximately the seventh grade. During her years as a student at the school, she alleges that she was sexually, physically, and emotionally abused by someone she referred to as Sister Agnes, a member of the Benedictine Sisters, who taught at the school. Twice, during her school years, Sanchez claims that she reported the abuse to a priest during confession— once to Father Leonard Cuellar and once to Father Ramon Sunye, both of whom were members of the Order of Claretian Missionaries and assigned to the Immaculate Heart of Mary Church, which is adjacent to and affiliated with the school.

Sanchez contends that all appellees as well as the Archdiocese of San Antonio were aware or should have been aware of the abuse and were responsible for failing to stop the abuse or protect Sanchez.

Sanchez contends that no other reports of the abuse were made because she repressed her memory until therapy began in 1991. Sanchez was injured in the spring of 1990 and her physicians required a CAT scan that caused her to react with fear and hysteria, resulting in her eventual referral to a psychiatrist. After several months of psychotherapy, she began to remember the abuse she suffered as a child at the hands of Sister Agnes. Suit was filed within two years of the CAT scan.

## POINTS OF ERROR NUMBER ONE AND NUMBER TWO

■ In her first two points of error, Sanchez contends that the trial court erred in granting defendants' motion to vacate judgment entered February 10, 1993 and for judgment entered March 3, 1993 to be a final judgment because: (1) the hearing on March 2, 1993 was not a summary judgment hearing with its required formalities, and (2) when the trial court vacated the February 10, 1993 order, the March 3, 1993 order (being an order denying reconsideration of the February 10, 1993 order) was of no consequence and therefore moot.

Although appellant argues that procedural irregularities accompanied the hearing conducted by Judge Tanner, she offers no law to support her argument. The record reflects that the day after Judge Rivera entered summary judgment, Sanchez filed a motion for reconsideration of the judgment. This motion was transferred to Judge Tanner who heard the motion and ruled, as Judge Rivera had previously ruled, that summary judgment was proper in the case. On motion of appellees, Judge Tanner modified her order by vacating the summary judgment entered by Judge Rivera on February 10, 1993, which left the modified order as the final judgment in the case. We do not see any irregularity in the procedures utilized. It should be noted that appellant took part in the proceedings before Judge Tanner, offering no objection.

Points of error number one and number two are overruled.

## POINTS OF ERROR NUMBER THREE AND NUMBER FOUR

In her third and fourth points of error, Sanchez argues that the trial court committed reversible error because: (3) the trial court refused to apply the discovery rule; and (4) that summary judgment was precluded because there was a fact issue as to when she knew or should have known about the abuse.

■ This court is called upon to decide whether or not the discovery rule should be applied in this case. The appellant was fifty-seven years of age when the suit was filed. At the time of the sexual abuse she was between five and fourteen years of age. She contends that she was aware of the abuse

when it occurred and during her minority reported it to two priests. She alleges that the severity of the abuse caused a repression of her memory of the abuse, which persisted after majority until she underwent psychotherapy required by an injury she received in the spring of 1990. She claims that after several months of psychotherapy, she remembered the abuse and filed suit within two years of regaining her memory. The perpetrator of the alleged abuse, a Catholic nun, is dead. The two Catholic priests alleged to have been told of the abuse at the time of its occurrence are also dead. Having reported the abuse to no one else, there is an absence of corroboration of the facts. The only evidence of abuse must of necessity come from the litigant in this case. Thus, the question becomes, should Texas law permit such time to lapse so that corroborative evidence becomes an impossibility and still apply the discovery rule to toll the statute of limitations? Two factors must be weighed. If, in fact, the mental capacity of the appellant has been impaired since her minority until the filing of the suit, then the appellant is being denied a basic right to have redress for the harm occasioned by the acts of the appellees. If, on the other hand, the unusual lapse of time has all but eliminated any evidence that would be available to the appellees, should the survivors of the perpetrators be liable to spurious claims that cannot be defended?

The discovery rule has been applied in numerous cases to toll the running of the statute of limitations. However, we note that the discovery rule has never been applied in Texas in child sexual abuse cases.

■ "[T]he primary purpose of ... all limitation statutes, is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *see also Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex.1975); *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816, 820 (Tex.1950).

■ Generally, a cause of action accrues at the time of the occurrence of facts that authorize a claimant to seek a judicial remedy. *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929, 931 (1935). An exception to the statute of limitations has been created by case law in situations where the claimant was unable to know of his injury at the time of its accrual; this exception is known as the *discovery rule*. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). Texas courts have applied the discovery rule in cases of medical malpractice, legal malpractice, libel, fraud, and possibly other cases where the injured party was unaware of the injury at the time of its occurrence. *See Moreno*, 787 S.W.2d at 351; *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976); *Gaddis v. Smith*, 417 S.W.2d 577, 579–80 (Tex.1967).

All of the above cases are those in which the facts of the injury were unknown to the claimant at the time of their occurrence. In the case at bar, it is unquestioned that Sanchez knew of the abuse at the time of its occurrence, and yet contends that she repressed her memory of its existence until some forty to fifty years after its accrual. Under these facts Sanchez, being a minor when the abuse occurred, had the benefit of the statute of limitations being tolled until two years after reaching her eighteenth birthday.

Sanchez contends that the case of *Archambault v. Archambault*, 846 S.W.2d 359 (Tex. App.—Houston [14th Dist.] 1992, no writ), supports her position and that it extends the discovery rule in Texas to repression of memory of childhood sexual abuse cases. We disagree. In *Archambault*, Laura Archambault was sexually and physically abused by her father when she was a child. She repressed her memory of the abuse until psychiatric therapy at the approximate age of twenty-six years old. She then filed suit against her parents within two years of discovering the harm inflicted on her. The defendants filed a motion for summary judgment based on the limitations defense. Laura filed a response alleging the discovery rule. The trial court granted summary judgment. However, the appeals court held:

When a defendant moves for summary judgment based on the affirmative defense

of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Buffington v. Lewis,* 834 S.W.2d 601, 602–03 (Tex. App.—Houston [1st Dist.] 1992, n.w.h.). The defendant must prove when the cause of action accrued, and must negate the discovery rule if pled by the non-movant. *Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977); *Rose v. Baker & Botts,* 816 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1991, writ denied). . . .

The movant must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns,* 786 S.W.2d at 267; *Krueger v. Gol,* 787 S.W.2d 138, 140 (Tex.App.—Houston [14th Dist.] 1990, writ denied). . . .

[A]ppellees not only failed to negate the discovery rule, they failed to even address it. Since the law is clear that the burden rests upon the summary judgment movant to negate the discovery rule as a matter of law, and appellees failed in their burden, we must reverse and remand this cause of action to the trial court.

*Archambault,* 846 S.W.2d at 360.

This case is clearly distinguishable from *Archambault.* The facts in the present case are undisputed that Sanchez knew of the abuse when it occurred and for some time later; therefore the cause of action accrued at the time of its occurrence. Furthermore in the instant case, unlike the *Archambault* case, appellees addressed the discovery rule in their amended motion for summary judgment, negating the application of the discovery rule by showing that by Sanchez's own admission she knew of the abuse when it occurred. As we read *Archambault,* it stands for the proposition that when the discovery rule is raised as a defense to a motion for summary judgment based upon a statute of limitations, it becomes incumbent upon the movant for summary judgment to negate its application as a matter of law. We conclude that appellees in this case negated

the application of the discovery rule as a matter of law.

We recognize that other jurisdictions have applied the discovery rule in childhood sexual abuse cases. However, we have been pointed to no case applying the discovery rule where the knowledge of the wrongness of the sexual abuse was known at the time of its occurrence.

We believe the law as set forth in *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986),[2] appropriately deals with and analyzes the problems of applying the discovery rule in the case at bar and similar ones.

In *Tyson,* a twenty-six year old daughter sued her father claiming that she was sexually abused by her father from the time she was three years of age till age twelve. She contended that she did not remember the abuse until recent psychotherapy restored her memory of her father's behavior. In an attempt to avoid the statute of limitations, the daughter relied on the discovery rule. The court was concerned about the "recollection of a memory long buried in the unconscious" noting that family and friends would be "testifying from their memories of her emotional condition and behavior ... between 17 and 26 years ago." 727 P.2d at 229. The court further was of the opinion that "psychology and psychiatry are imprecise disciplines ... [T]he psychoanalytic process can even lead to a distortion of the truth of events in the subject's past life." *Id.* In ruling against the application of the discovery rule, the court concluded:

It is proper to apply the discovery rule in cases where the objective nature of the evidence makes it substantially certain that the facts can be fairly determined even though considerable time has passed since the alleged events occurred. Such circumstances simply do not exist where a plaintiff brings an action based solely on an alleged recollection of events which were repressed from her consciousness and there is no means of independently verifying her allegations in whole or in part. If we applied the discovery rule to such actions, the statute of limitations

2. This case has been superseded by statutory amendment.

would be effectively eliminated and its purpose ignored. A person would have an unlimited time to bring an action, while the facts became increasingly difficult to determine. The potential for spurious claims would be great and the probability of the court's determining the truth would be unreasonably low.

*Id.*, 727 P.2d at 229–30.

In the case at bar the tortious acts were committed, by the appellant's own allegations, at least forty-five years prior to the institution of suit. All alleged actors are dead; no testimony of the appellant can be corroborated or refuted. This court recognizes that the acts of sexual abuse of the appellant while she was a child, at the hands of a nun, are absolutely reprehensible and a shock to the conscience of the court; however, the inordinate lapse of time and, as the *Tyson* court held, the imprecise art of psychology and psychiatry, coupled with the figments of imagination enlarged by the passage of time and the uncertainty of the present memories of past events, require this court to deny the application of the discovery rule under the facts presented. To do otherwise would be an open invitation to ignore the purpose of the statute of limitations and to subject persons to claims after all hope of evidence to refute such claims had passed.

The judgment of the trial court is affirmed.