Renee VESECKY, Appellant,

v.

Stephen Fenwick VESECKY, Appellee.

No. 05–92–02009–CV.

Court of Appeals of Texas,
Dallas.

April 28, 1994.

Mike Patterson, Tyler, for appellant.

Joann N. Wilkins, David M. Weaver, Michael O. Price and Thomas W. Mills, Dallas, for appellee.

Before KINKEADE, MALONEY, and ROSENBERG, JJ.

## OPINION

MALONEY, Justice.

Renee Vesecky sued her father, Stephen Fenwick Vesecky, alleging negligence, gross negligence, and invasion of privacy resulting from childhood sexual abuse. At the close of appellant's case, the trial court granted the father's motion for directed verdict and entered judgment. In three points of error, appellant contends the trial court erred in not applying the discovery rule and finding the evidence insufficient to show that her father sexually abused her. We reverse the trial court's judgment. We remand this cause for a new trial.

### STATEMENT OF FACTS

Appellant alleged that her father sexually abused her between 1973 and 1988. She maintained it was not until her twentieth Thanksgiving that she realized her problems stemmed from her father's sexual abuse. It was through counseling that she uncovered her repressed memories of sexual abuse. Appellant filed this lawsuit on February 19, 1991—more than two years after the last alleged incident but three months after she uncovered her memories of abuse.

Appellant testified about her memories. Expert witnesses testified about the symptoms associated with "childhood sexual abuse syndrome."[1] The experts also compared those symptoms with appellant's symptoms. The expert witnesses concluded that appellant's symptoms, including her claim of repressed memory, were consistent with "childhood sexual abuse syndrome." At the close of appellant's case-in-chief, the trial court granted her father's motion for directed verdict against appellant.

1. By "childhood sexual abuse syndrome," we mean those symptoms displayed by persons sexually abused as children. We use "childhood sexual abuse syndrome" as a term of convenience—not art.

2. Appellant was born on October 15, 1970. Her pleadings alleged the abusive acts occurred between 1973 to 1988. Appellee does not indicate whether the "last alleged incident" occurred before appellant reached her majority (appellant testified that her father raped her on the night of her seventeenth birthday and again in August 1990).

### STATUTE OF LIMITATIONS

In her second point of error, appellant argues the trial court erred in finding her cause of action barred by the statute of limitations. She maintains the discovery rule should apply.

Appellee argues that the two-year statute of limitations bars appellant's claims. He contends the two-year statute of limitations would bar appellant's claims even under the discovery rule. Specifically, he argues the harm is "at least in part, the offensive touching itself." Appellee maintains that appellant discovered or should have discovered the harm no later than the last alleged incident.[2]

### 1. Applicable Law

The parties agree that the two-year statute of limitations applies to appellant's claims. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.-003(a) (Vernon 1986). The primary purpose of all limitations statutes is to compel a party to bring actions within a reasonable period of time so that an opposing party has a fair opportunity to defend while witnesses are available. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988).

The discovery rule is a judicially constructed exception to the rules that determine when a cause of action accrues. *Moreno,* 787 S.W.2d at 351; *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977). The discovery rule operates to delay accrual until a "plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Moreno,* 787 S.W.2d at 351.

She filed her lawsuit on February 19, 1991. Appellant's cause of action could not have accrued under her pleadings before October 15, 1988. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986). Because appellant filed her lawsuit more than two years after she reached majority, limitations bars her claim unless the discovery rule applies. The question remains whether appellant knew, should have known, or could not have known because of her repressed memory of her father's abusive acts.

■ Whether the discovery rule should apply to a particular cause of action or class of litigants is a question of law. *See Moreno,* 787 S.W.2d at 351. When a plaintiff discovered, or should have discovered, the injury is a question of fact which the trial court should submit to the jury. *See Weaver,* 561 S.W.2d at 794.

■ This Court has determined that the discovery rule applies in childhood sexual abuse cases where psychological defense mechanisms prevent discovery. *See L.C. v. A.D.,* No. 05–92–02867–CV 1994 WL 59968 (Tex.App.—Dallas, March 21, 1994, n.w.h.).

## 2. Application of Law to Facts

Appellant's experts testified extensively about dissociation and repression of memory in childhood sexual abuse. Their testimony also showed that appellant's claimed injuries were consistent with the injuries suffered by sexually abused children.

At trial, appellant testified that appellee sexually abused her on a number of occasions between 1973 and 1988. Appellant testified that she had no conscious recollection of the abuse until November of 1990. When appellant discovered or reasonably should have discovered her injury is a question of material fact that the trial court should have submitted to the jury.

The dissent argues that we cannot rely on this Court's opinion in *L.C. v. A.D.* because it was a plurality opinion in which "no majority for this Court expressed a single rationale supporting the application of the discovery rule to childhood sexual abuse cases...." We disagree. A majority of this Court's thirteen justices agreed that the discovery rule applied. *See L.C.,* No. 05–92–02867–CV, plurality slip op. at 5 (Lagarde, J., joined by McGarry, C.J. and Thomas, Chapman, Rosenberg, and Morris, JJ.); *id.,* concurring slip op. at 1 (Maloney, J., joined by Whittington, J.). In concurring, two justices expressly agreed with six other justices that the

discovery rule applied in childhood sexual abuse cases involving repressed memory. They disagreed only on the allocation of evidentiary burdens in summary judgment practice.

Here, we are reviewing a directed verdict. The concurring justices' disagreement on summary judgment practice is irrelevant. The principle of law announced in *L.C.* is controlling, dispositive authority on whether the discovery rule applies in this case.[3]

The dissent relies on *Sanchez v. Archdiocese of San Antonio,* 873 S.W.2d 87 (Tex. App.—San Antonio 1994, n.w.h.). The *Sanchez* court concluded that "Sanchez's own admission she knew of the abuse when it occurred" and report of the abuse to a priest negated the discovery rule. The case before us contains no such admission. We do not find *Sanchez* persuasive.

We sustain appellant's point of error number two.

## DIRECTED VERDICT

In appellant's first and third points of error, she argues that she placed legally sufficient evidence before the jury to show that (1) her father sexually abused her and (2) she could not have discovered the abuse less than two years before filing suit.

## 1. Applicable Law

■ We uphold a directed verdict only if the record contains no evidence of probative force to raise material fact questions. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983); *see Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978). When we review the evidence to support a directed verdict, we consider the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Corbin,* 648 S.W.2d at 295. If reasonable minds could differ on the resolution of the controlling facts, jury issues exist, and the directed ver-

---

3. *Compare L.C.,* No. 05–92–02867–CV, concurring slip op. at 1 (Maloney, J.) ("I concur with the majority's conclusion that Texas courts should apply the discovery rule when an adult alleges childhood sexual abuse and total repression of memory of that abuse.") *with University* *of Tex. Medical Branch v. York,* 871 S.W.2d 175, 176–77 (1994) (When the majority of a sitting court does not agree upon the principles of law, the plurality opinion is not authority for determination of other cases.).

dict cannot stand. *Corbin,* 648 S.W.2d at 295; *Collora,* 574 S.W.2d at 68.

### 2. Application of Law to Facts

■ Appellant testified that she had no recollection of the abuse until Thanksgiving 1990. Events during the holiday, combined with therapy, made her remember her father's abuse.

Appellant's three expert witnesses testified that appellant's claims and her dissociation, repression, and recollection were consistent with childhood sexual abuse syndrome. The experts' testimony suggests that appellant experienced the psychological defense mechanisms of dissociation and repression. The experts explained that appellant could have blocked all perception and memory of the events until something later caused her to remember the events. The expert witnesses testified that this is common and involuntary.

We find appellant presented probative evidence from which reasonable fact finders could differ on whether: (1) appellant's father sexually abused her; (2) appellant had no conscious knowledge of the abusive acts at the time they were committed; and (3) appellant could not have discovered the abuse less than two years before she filed suit. We sustain appellant's first and third points of error.

Because the trial court should not have directed verdict, we reverse the trial court's judgment. We remand this case for new trial.

KINKEADE, J., dissents with opinion.

KINKEADE, Justice, dissenting.

I disagree with the majority's holding that the discovery rule applies in childhood sexual abuse cases where psychological defense mechanisms prevent discovery. Accordingly, I dissent.

The majority relies on *L.C. v. A.D.,* No. 05–92–02867–CV (Tex.App.—Dallas, March 1, 1994, n.w.h.) in holding that the discovery rule applies in this case. *L.C.* was a plurality opinion of this Court. In *L.C.,* no majority for this Court expressed a single rationale supporting the application of the discovery rule in childhood sexual abuse cases where psychological defense mechanisms prevent discovery. Because this principle of law has not been agreed upon by a majority of this Court, the plurality opinion in *L.C.* is not authority for determination of this case. *See University of Tex. Medical Branch at Galveston v. York,* 871 S.W.2d 175, 176–77 (1994).

Because there is no binding precedent on this issue from this Court and the Texas Supreme Court has not yet addressed the issue, I would hold that the discovery rule does not apply in such cases for the reasons stated by Justice Barber in his dissent in *L.C.* and by the San Antonio Court of Appeals in a recent opinion addressing this issue. *See L.C. v. A.D.,* No. 05–92–02867–CV (Tex.App.—Dallas, March 1, 1994, n.w.h.) (Barber, J., dissenting); *Sanchez v. Archdiocese of San Antonio,* 873 S.W.2d 87 (Tex. App.—San Antonio, 1994, n.w.h.). Accordingly, I would affirm the trial court's judgment granting a directed verdict for the father.