

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00275-CV

Joseph **MAYZONE**,
Appellant

v.

**MISSIONARY OBLATES OF MARY IMMACULATE OF TEXAS** and
Father Thomas Ovalle,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-19412
Honorable Peter A. Sakai, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

Joseph Mayzone appeals from a summary judgment disposing of his claims against Missionary Oblates of Mary Immaculate of Texas and Father Thomas Ovalle. We affirm.

## BACKGROUND

On December 2, 2009, Mayzone filed a lawsuit against Missionary Oblates and Ovalle for damages. The suit alleged that between 1980 and 1983, when Mayzone was still a minor, he was sexually abused by Father Antonio Gonzales, a priest under the authority and supervision of Missionary Oblates and Ovalle. The suit further alleged that Missionary Oblates and Ovalle were

aware that Gonzales had a history of sexually abusing children, but they nevertheless retained Gonzales as a priest. The suit asserted claims for negligence, civil conspiracy, breach of fiduciary duty, and fraud. All of these claims stemmed from Gonzales's alleged sexual abuse of Mayzone between 1980 and 1983.

On January 18, 2013, Missionary Oblates and Ovalle filed a traditional motion for summary judgment, arguing that Mayzone's claims were barred by the statute of limitations. A hearing on the summary judgment motion was set for February 12, 2013. Mayzone was served with the summary judgment motion and notified of the hearing, but he did not file a response. Instead, Mayzone filed a motion for continuance, seeking to postpone the summary judgment hearing until the end of March 2013. The trial court held a summary judgment hearing on February 12, 2013. A reporter's record of the hearing was not made; however, the clerk's record indicates that Mayzone, who was in prison at the time, appeared at the hearing by telephone. The trial court signed an order granting the summary judgment on the same day. The record does not show that Mayzone urged his motion for continuance at the hearing or that the trial court ruled on the motion. Mayzone filed a motion for new trial, which was denied by the trial court. This appeal ensued.

## MOTION FOR CONTINUANCE

Mayzone first complains of the denial of his motion for continuance.[1] On February 7, 2013, Mayzone filed a motion asking the trial court to continue the summary judgment hearing until the

---

[1]Although neither a written order nor an oral ruling appears in the record, Missionary Oblates and Ovalle do not argue that this complaint has been waived. *See Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 224 (Tex. App.—Dallas 2008, pet. struck) (holding complaint about the trial court's denial of a motion to continue the summary judgment hearing was waived when the record failed to contain a written order or an oral ruling); *but see Carter v. MacFadyen*, 93 S.W.3d 307, 310 n.2 (Tex. App.—Houston [14th Dist. 2002], pet. denied) (addressing complaint about the trial court's denial of a motion to continue the summary judgment hearing when the order granting summary judgment recited that the trial court had read the documents containing the request for continuance); *Cherry v. McCall*, 138 S.W.3d 35, 40 (Tex. App.—San Antonio 2004, pet. denied) (stating that the trial court implicitly overruled a request to continue the summary judgment hearing when it ruled on the summary judgment motion without continuing the hearing); *Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 463, 468 (Tex. App.—Corpus Christi 2001, no pet.) (same).

end of March 2013. Mayzone alleged that he did not receive twenty-one days' notice of the summary judgment hearing and that he needed additional time to make copies of his response and his exhibits because he was in prison. The motion was neither verified nor supported by an affidavit.

We review the trial court's denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Lee v. Haynes & Boone, L.L.P*, 129 S.W.3d 192, 198 (Tex. App.—Dallas 2004, pet. denied). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). In reviewing the trial court's decision, we consider the record as it existed at the time the trial court made its ruling. *Stephens Cnty. v. J.N. McCammon, Inc.*, 52 S.W.2d 53, 55 (Tex. 1932); *Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 827 n.7 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *French v. Gilbert*, No. 01-07-00186-CV, 2008 WL 5003740, at *5 n.15 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

A summary judgment motion must be filed and served at least twenty-one days before the time specified for the hearing. TEX. R. CIV. P. 166a(c). When the summary judgment motion is served by mail, three days are added to the twenty-one day period. *See* TEX. R. CIV. P. 21a(c); *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). Thus, if a summary motion is served by mail, it may be heard on the twenty-fourth day after it is served. *Lewis*, 876 S.W.2d at 316.

A party seeking more time to oppose a summary judgment must file an affidavit showing why the continuance is necessary. *Lee*, 129 S.W.3d at 198; *see* TEX. R. CIV. P. 166a(g). "The trial court may order a continuance of a summary judgment hearing if it appears 'from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition.'" *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (quoting TEX. R. CIV. P. 166a(g)). Generally, if a party receives the twenty-one days' notice

required by rule 166a(c), the trial court does not abuse its discretion in denying a motion to continue the summary judgment hearing. *Lee*, 129 S.W.3d at 198; *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Here, the record indicates that Mayzone had proper notice of the summary judgment hearing. Service by mail is complete when a document is properly addressed and deposited in the mail. TEX. R. CIV. P. 21a(b). And, a written certificate by a party or attorney of record is prima facie proof of the fact of service. TEX. R. CIV. P. 21a(e). The summary judgment motion in this case contains a certificate of service stating it was mailed to Mayzone by certified mail, return receipt requested, on January 18, 2013. The summary judgment hearing was held twenty-five days later, on February 12, 2013.

On appeal, Mayzone argues he did not receive proper notice of the summary judgment hearing because he did not receive the summary judgment motion and notice of the hearing from prison officials until January 23, 2013. However, there was nothing before the trial court to support this argument at the February 12, 2013 hearing. Thus, there was nothing before the trial court to rebut the presumption of proper service as established by the certificate of service. Because the record as it existed at the time of the hearing indicates that Mayzone had proper notice of the summary judgment hearing, the trial court did not abuse its discretion in denying the motion for continuance.

## SUMMARY JUDGMENT

Next, Mayzone complains the trial court erred in granting summary judgment against him. The only ground presented in the summary judgment motion was the statute of limitations. "The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period while the evidence is still fresh in the minds of the parties and witnesses." *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

Generally, the limitations period begins to run when a cause of action accrues. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Doe v. Roman Catholic Archdiocese of Galveston-Houston*, 362 S.W.3d 803, 809-10 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *S.V.*, 933 S.W.2d at 4. However, for a claim arising from an injury received as a minor, limitations does not begin to run until the minor reaches majority. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2002). Thus, claims for injuries suffered during childhood are deemed to accrue on the plaintiff's eighteenth birthday. *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 716-17 (Tex. App.—El Paso 2011, no pet.).

When a plaintiff brings suit for personal injury caused by sexual assault or aggravated sexual assault, the five-year statute of limitations applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.0045(a) (West Supp. 2014); *Catholic Diocese of El Paso*, 362 S.W.3d at 717 (applying five-year statute of limitations to negligence, breach of fiduciary duty, and intentional infliction of emotional distress claims arising from allegations of sexual abuse); *Stephanie M. v. Coptic Orthodox Patriarchate Diocese of the So. United States*, 362 S.W.3d 656, 659-60 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (applying five-year statute of limitations to negligence claim arising from allegations of sexual abuse).

The standard for reviewing a traditional summary judgment is whether the movant carried its burden of showing there is no genuine issue of material fact and judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Id*. To establish the affirmative defense of limitations, a defendant is required to (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving

as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of his injury. *Id*. If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

Here, Missionary Oblates and Ovalle filed a summary judgment motion arguing that Mayzone's claims were governed by the five-year statute of limitations because they involved allegations of sexual abuse. Missionary Oblates and Ovalle also argued that because Mayzone was a minor when the alleged sexual abuse occurred, the limitations period did not begin to run until December 1, 1984, when Mayzone turned eighteen-years old. Missionary Oblates and Ovalle further argued that the five-year limitations period for all of Mayzone's claims ended on December 1, 1989, when Mayzone turned twenty-three years old. For summary judgment evidence, Missionary Oblates and Ovalle cited Mayzone's deposition testimony. In this testimony, Mayzone testified that the alleged sexual abuse occurred from 1980 to 1983, when Mayzone was a minor; that Mayzone was fully aware of what was being done to him at the time the alleged sexual abuse occurred and knew that it was wrong; that a year after the abuse ended Mayzone was still fully aware of the abuse and reported it to a sibling; and that even when Mayzone turned eighteen and became an adult he remained fully aware of the sexual abuse. We conclude that Missionary Oblates and Ovalle conclusively established that the limitations period on Mayzone's causes of action began to run on December 1, 1984, when Mayzone turned eighteen-years old. Therefore, the five-year limitations period ended on December 1, 1989, when Mayzone turned twenty-three years old. Because Mayzone did not file suit until December 2, 2009, Mayzone's claims were barred by limitations.

On appeal, Mayzone argues that the trial court erred in granting summary judgment because the summary judgment motion erroneously focused on Mayzone's knowledge of the

sexual abuse. We disagree. All of the claims asserted in Mayzone's suit arose from allegations that Gonzales sexually abused Mayzone in the 1980s. Mayzone alleged that Gonzales had a history of sexually abusing children and that Missionary Oblates and Ovalle were aware of this history but nevertheless authorized him to work at the church where Mayzone met Gonzales. Under these circumstances, Mayzone's knowledge of the sexual abuse was the relevant knowledge for purposes of determining the date his claims began to accrue against Missionary Oblates and Ovalle. *See Roman Catholic Archdiocese of Galveston-Houston*, 362 S.W.3d at 814 (concluding that the plaintiff's knowledge of the sexual abuse was the relevant knowledge for purposes of determining the accrual date for claims against both the alleged perpetrator and the archdiocese).

Mayzone further argues that the trial court erred in granting summary judgment because the summary judgment motion did not negate the application of the discovery rule, which was raised in Mayzone's pleadings. Again, we disagree. The discovery rule is a limited exception to the statute of limitations and applies only if the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable. *Altai*, 918 S.W.2d at 455-56. "Under Texas law, knowledge and reporting of the [sexual] abuse foreclose the contention that this abuse was inherently undiscoverable." *Doe v. St. Stephen's Episcopal Sch.*, 382 Fed. App'x. 386, 389 (5th Cir. 2010) (citing *S.V.*, 933 S.W.2d at 6-7). For example, in *Sanchez v. Archdiocese of San Antonio*, the plaintiff claimed that she was sexually abused as a child by a teacher at a catholic school. 873 S.W.2d 87, 89-90 (Tex. App.—San Antonio 1994, writ denied). The plaintiff claimed that she reported the abuse to two priests when it occurred. The plaintiff also claimed that she repressed all memory of the abuse for forty or fifty years and remembered the abuse as an adult in psychotherapy. When the plaintiff was fifty-seven years old, she filed suit against the archdiocese and other church entities, alleging they were aware or should have been aware of the abuse and failed to stop the abuse or protect her. In *Sanchez*, we recognized that other jurisdictions had

applied the discovery rule in childhood sexual abuse cases, but also noted that "we have been pointed to no case applying the discovery rule where the knowledge of the wrong[ful]ness of the sexual abuse was known at the time of its occurrence." *Id*. at 91. We held that the archdiocese negated the application of the discovery rule by showing that the plaintiff, by her own admission, knew of the abuse when it occurred. *Id*. Similarly, the summary judgment proof filed in this case shows that Mayzone, by his own admission, knew of the sexual abuse and its wrongfulness when it occurred. We, therefore, conclude that Missionary Oblates and Ovalle met their summary judgment burden to negate the application of the discovery rule.

Finally, Mayzone argues the trial court erred in granting summary judgment because he raised the affirmative defenses of fraudulent concealment and equitable estoppel and created a fact issue on these defenses. A party asserting fraudulent concealment or equitable estoppel as an affirmative defense to the statute of limitations has the burden to raise it in a response to the summary judgment motion and to come forward with summary judgment evidence to raise a fact issue on each of the elements of these defenses. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Hill v. Bartlette*, 181 S.W.3d 541, 545 (Tex. App.—Texarkana 2005, no pet.). When the party asserting an affirmative defense fails to raise a fact issue on each of the elements of that defense, then summary judgment is proper. *See Hill*, 181 S.W.3d at 545. In the present case, Mayzone, who did not file a summary judgment response, failed to raise the affirmative defenses of fraudulent concealment or equitable estoppel and failed to create a fact issue on any affirmative defense.[2] We conclude the trial court did not err in granting the summary judgment.

---

[2]To support his argument, Mayzone cites to documents he filed in support of his motion for new trial. Because these documents were not before the trial court when it ruled on the summary judgment motion, we do not consider them here.

**MOTION FOR NEW TRIAL**

Finally, Mayzone complains that the trial court abused its discretion in denying his motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987).

In this section of his brief, Mayzone cites several cases that discuss the abuse of discretion standard in different contexts. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding) (holding the trial court abused its discretion by not granting a continuance to allow a jury request and fee to become timely); *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987) (holding that, absent a record showing an abuse of discretion, the appellate court must presume the trial court had adequate evidence before it to justify an award of guardian ad litem fees); *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986) (holding that the trial court did not abuse its discretion in denying a motion for continuance on the last day of trial). None of these cases, however, is analogous to the situation before us. In further support of his complaint, Mayzone cites his motion for new trial, over 600 pages of documents accompanying his motion for new trial, and the reporter's record from the hearing on the motion for new trial. Mayzone asserts that we may reverse the trial court's denial of his motion for new trial if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable.

Under the Texas Rules of Appellate Procedure, a brief submitted by an appellant must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellate issue unsupported by argument or citation to the record or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W.3d 303, 307 (Tex. App.—Dallas 2013, pet. denied). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no

pet.). "An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id.*

Here, Mayzone has failed to provide appropriate legal authority and substantive analysis of the legal issue complained of in this section of his brief. Mayzone has also failed to provide appropriate citation to the record to support his complaint. We conclude Mayzone's complaint concerning the denial of his motion for new trial presents nothing for our review. *See Blankinship*, 399 S.W.3d at 307; TEX. R. APP. P. 38.1(i).

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice