**James W. BROTHERS, D.D.S., Appellant,**

v.

**Pama GILBERT and Vickie Alvarado Lee, Appellees.**

No. 11–96–020–CV.

Court of Appeals of Texas, Eastland.

Aug. 7, 1997.

Rehearing Overruled Sept. 11, 1997.

Roy B. Longacre, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellant.

Dave Haigler, Haigler Law Firm, Abilene, for appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

Plaintiffs, Pama Gilbert and Vickie Alvarado Lee, sued their former employer, James Brothers, D.D.S., defendant, for "extensive and pervasive sexual harassment and assaults and other non-consensual affronts and indecencies." Following a trial by jury, judgment was rendered on the verdict that plaintiffs "jointly recover" a total of $9,100.00 in actual damages, $75,000.00 in punitive damages, and $109,696.51 in prejudgment interest. Defendant appeals. We reverse and render.

### Background Facts

Defendant is a dentist. Plaintiffs are former employees who worked for him as dental assistants. Gilbert testified that "the last incident of sexually offensive conduct" to which she was exposed occurred in January of 1983. Lee worked for defendant from August of 1986 until February of 1988. The lawsuit was filed in November of 1988.

Both plaintiffs testified that defendant took their pictures while they were working, without their consent and over their objection. The record shows that plaintiffs were fully clothed when these pictures were taken. Plaintiffs also testified as to statements which defendant made that caused them to feel uncomfortable and to incidents when de-

fendant would rub up against them or touch them while they were working and make them feel uncomfortable. There was no claim that defendant had sexual intercourse with either of them, no claim that he ever asked either of them to have sexual intercourse with him, and no claim that defendant was ever undressed or sexually exposed when the "assaults and other non-consensual affronts and indecencies" occurred.

Defendant testified that he did not harass the dental assistants, but he did not deny taking the photographs. He said that he would take pictures of friends to finish rolls of film so the film could be sent off for processing. The jury resolved their differing versions of the incidents by finding "sexual harassment" and by imposing punitive as well as actual damages.

### The Jury's Verdict

Omitting the instructions and definitions,[1] the jury's verdict is shown below by quoting the questions which were answered and by quoting the jury's answers which support the trial court's judgment:

[1] Do you find from a preponderance of evidence that DR. JAMES BROTHERS sexually harassed VICKIE ALVARADO LEE, or PAMA GILBERT, while either one of them was working for him?

LEE: YES ; GILBERT: YES

[2] What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate VICKIE ALVARADO LEE, or PAMA GILBERT, for the harm, if any, proximately caused by

DR. JAMES BROTHERS' sexual harassment of either one of them?

LEE: $6,600.00 ; GILBERT: $2,500.00

[5] What sum of money, if any, do you find that DEFENDANT should pay the following named persons as exemplary or punitive damages?

LEE: $45,000.00 ; GILBERT: $30,000.00

[6] Do you find from a preponderance of the evidence that DR. BROTHERS fraudulently led PAMA GILBERT to believe that his conduct was not intended to be sexually offensive? YES.

[7] Do you find from a preponderance of the evidence that such fraudulent inducement continued until after November 7, 1986? YES.

### Points of Error

Defendant presents six points of error. We sustain in part the first point of error, and we also sustain points two and three. The other points of error become moot and need not be discussed.[2] See TEX.R.APP.P. 90(a). The first three points of error read in full as shown:

[1] *The trial court erred* in denying defendant's motion for directed verdict, *in submitting this case to the jury over defendant's objections, and in overruling defendant's motion for judgment non obstante veredicto because,* as a matter of law, *the plaintiffs had no cause of action for "sexual harassment."*

[2] The trial court erred in overruling defendant's motion for directed verdict as to the claims of Plaintiff Pama Gilbert because her claims were barred by the statute of limitations.

---

**1.** We have also omitted Special Issues Nos. 3, 4, 8, and 9. The jury answered "No" to Special Issue No. 3 (which asked if defendant tortiously interfered with prospective business relations when Plaintiff Lee sought job references) and to Special Issue No. 8 (which asked if Plaintiff Lee slandered defendant). The other two issues were damage issues which were not answered because of the "No" answers to Issues 3 and 8.

**2.** Defendant argues in those points that the trial court erred in allowing a third former employee to testify against defendant, in allowing plaintiffs' attorney to exceed the scope of rebuttal testimony in an improper attempt to impeach defendant, and in allowing an expert witness to testify in violation of TEX.R.CIV.EVID. 702.

■ The trial court erred in submitting Issues Numbers 6 & 7 because there was no evidence to support those issues; alternatively the jury answers to those issues were against the great weight and preponderance of the evidence. (Emphasis added)

### Sexual Harassment

■ Plaintiffs state in their brief that they did not rely upon either the state or federal statutes which create a "non-assault" cause of action for "sexual harassment."[3] Plaintiffs' brief then states that they:

[P]led and claimed the alleged conduct constituted *assault at common law and sexual harassment in common parlance.* There is no dispute that plaintiffs did not come within either the state or federal statutes creating a non-assault cause of action for "sexual harassment" and plaintiffs never claimed otherwise. They never even located counsel willing to represent them until the time for an administrative filing under either statute had already expired.

\*    \*    \*    \*    \*    \*

Plaintiff[s] requested an issue on sexual harassment (but not on assault per se).... During the formal charge conference, in answer to defendant's objections that plaintiffs did not come within either the state or federal statutes creating non-assault causes of action for sexual harassment, *plaintiffs stated they were requesting issues on sexual harassment as it existed as common-law assault.* (Emphasis added)

We sustain the first point of error insofar as it complains of the submission of special issues on "sexual harassment" and the overruling of defendant's motion for judgment non obstante veredicto. The fact that plaintiffs had pleading and proof to submit issues on common-law assault does not support the submission of a cause of action for sexual harassment. They have different elements of proof which would support different amounts of damages. The jury instructions

which were submitted in connection with Special Issue No. 1 read as shown:

You are instructed that not all sexually oriented conduct constitutes unlawful sexual harassment. For sexual harassment to be unlawful it must be sufficiently severe or pervasive so that it altered the conditions of a Plaintiff's employment and created an intimidating, hostile, or abusive work environment. You must consider the totality of the circumstances surrounding whatever conduct you find occurred to determine whether any conduct had the effect of unreasonably interfering with a Plaintiff's work performance and of creating an intimidating, hostile, or abusive work environment.

You are instructed that the standard for determining whether conduct is sufficiently severe or pervasive to create a hostile or abusive work environment is whether a reasonable person in the same or similar circumstances would find the conduct to be intimidating, hostile or abusive.

These instructions do not refer to "common-law assault." They refer to "sexual harassment" as defined by the Equal Employment Opportunity Commission's Guidelines on Discrimination Because of Sex, 29 C.F.R. § 1604.11(a) (1985). See and compare *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986), where the court said:

Since the [EEOC] Guidelines were issued, courts have uniformly held, and we agree, that a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment.

\*    \*    \*    \*    \*    \*

*For sexual harassment to be actionable, it must be sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment."*

\*    \*    \*    \*    \*    \*

---

**3.** Plaintiffs' brief cites 42 U.S.C.A. § 2000e et seq. (West 1994) and Tex.Lab.Code Ann. § 21.001 et seq. (Vernon 1996).

The gravamen of any sexual harassment claim is that the alleged sexual advances were "unwelcome." (Emphasis added)

The trial court erred in submitting the claims for "sexual harassment" over defendant's timely objection. Plaintiffs cite *Nagel Manufacturing and Supply Company v. Ulloa*, 812 S.W.2d 78 (Tex.App.—Austin 1991, writ den'd), in support of their claim that sexual harassment was properly submitted to the jury; however, we note that the plaintiff in *Nagel* had filed her claim with the Texas Commission on Human Rights and had received a notice from the Commission of her right to file a civil action. The statute discussed in *Nagel* has been codified as TEX. LAB.CODE ANN. § 21.101 et seq. (Vernon 1996).

We overrule the first point of error insofar as it claims that the trial court erred in overruling defendant's motion for instructed verdict. Plaintiffs had pleadings and proof to support the submission of "common-law assault" and any damages from the nonconsensual touchings, but there was no timely request for the submission of those issues to the jury.

### Statute of Limitations

We sustain Points of Error Nos. 2 and 3. All of the claims asserted by Gilbert were barred by the two-year statute of limitations. See TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986 & Supp.1997). There is no competent evidence of fraudulent concealment to support the jury's answers to Special Issues Nos. 6 and 7. The victim was aware of the nonconsensual touchings when they occurred. The "discovery rule" is not applicable to claims of common-law assault. See *Sanchez v. Archdiocese of San Antonio*, 873 S.W.2d 87, 90 (Tex.App.—San Antonio 1994, writ den'd), where the court said:

An exception to the statute of limitations has been created by case law in situations where *the claimant was unable to know of [the] injury at the time of its accrual;* this exception is known as the *discovery rule.* (Emphasis added)

### This Court's Ruling

The judgment of the trial court is reversed, and this court renders judgment that Pama Gilbert and Vickie Alvarado Lee take nothing.